UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DIEGO WASHINGTON QUINTEROS
REYES,

                          Plaintiff,                      **REPORT AND RECOMMENDATION**
                                                CV 25-4509 (OEM) (ARL)

        -against-

LUPCO ENTERPRISES INC. and
WILLIAM LUPINACCI,
                           Defendants.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Plaintiff, Diego Washington Quinteros Reyes ("Plaintiff"), commenced this action on August 12, 2025, against the defendants, Lupco Enterprises Inc. ("Lupco") and William Lupinacci ("Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law §§ 190 et seq. ("NYLL").  By Order dated January 13, 2025, District Judge Merchant referred Plaintiff's motion for a default judgment to the undersigned for a report and recommendation.  For the reasons set forth below, the undersigned respectfully recommends that the motion be granted, and that Plaintiff be awarded damages in the following amounts: (1) $23,307.50 in unpaid overtime; (2) $5,000 for failure to provide wage notices; (3) $5,000 for failure to provide wage statements; (4) $23,307.50 in liquidated damages; (5) $3,413.75 in prejudgment interest; and (6) post-judgment interest.

**BACKGROUND**

### A.    Factual Averments

Defendant Lupco Enterprises owns and operates a landscaping and masonry business at 328 County Rd 111, Manorville, NY 11949. Compl. ¶ 12.  Lupco is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York. Declaration of Diego Washington Quinteros Reyes ("Pl. Dec."), ¶ 6, ECF No. 10-8. According to the complaint, Lupco is engaged in interstate commerce and has annual gross revenue exceeding $500,000.00 in each of the years at issue.  *Id.* ¶¶ 14-15.  William Lupinacci is alleged to be the owner, officer, director, shareholder, and/or managing agent of Lupco, who has the power to hire and fire employees, set wages and schedules, and maintain their records.  *Id.* ¶¶ 18-34; Pl. Dec. ¶¶ 31-33.

Plaintiff was employed by Defendants as a landscaper and mason from April 15, 2024, through June 12, 2025. *Id*. ¶ 38. From April 2024, through October 31, 2024, Plaintiff performed landscaping duties. *Id.* ¶ 42. Throughout this period, Plaintiff worked six days per week from 6:30 a.m. to 7:30 p.m. with a 30 minute meal break each shift, totaling 75 hours per week. *Id.* ¶ 43. Plaintiff was employed by Defendants as a mason from November 1, 2024, through April 14, 2025. *Id*. ¶ 44. During this time, Plaintiff worked six days per week from 7:00 a.m. to 6:00 p.m. with a 30 minute meal break each shift, totaling 63 hours per week. *Id*. ¶ 45. From April 15, 2025, through June 15, 2025, Plaintiff once again performed landscaping duties. *Id.* ¶ 42. During this time, Plaintiff worked six days per week from 6:30 a.m. to 7:30 p.m. with a 30 minute meal break each shift, totaling seventy-five hours per week. *Id.* ¶ 47. During his employment, Defendants failed to provide Plaintiff with wage notices. *Id.* ¶ 54. Additionally, Defendants failed to provide Plaintiff with accurate wage statements each week with his weekly earnings (i.e., pay stubs). *Id.* ¶

55. Plaintiff alleges that as a result of Defendants' failure to provide the required wage notices and wage statements, Plaintiff suffered a concrete injury; specifically, Plaintiff worked without knowledge of his correct overtime rate. *Id*. ¶ 94.  According to Plaintiff, Defendants' failure to properly pay Plaintiff the wages to which he was entitled was made willfully and without good faith, or with a reckless disregard for Plaintiff's rights. Id. ¶ 60.

Plaintiff was paid an hourly rate of $25.00 from April 2024 through May 2025. *Id.* ¶ 48, 49. From June 1, 2025, through June 12, 2025, Defendants paid Plaintiff $27.00 per hour. *Id*. ¶ 50. Throughout his employment, Defendants paid Plaintiff straight time, regardless of the hours worked each week, he was not paid overtime compensation at a rate of one and one-half times his regular hourly rate for any of the hours he worked in excess of forty (40) each week. *Id*. ¶¶51, 52.

### B.    Procedural History

Plaintiff commenced this action by filing a complaint on August 12, 2025.  ECF No. 1. Defendant Lupco was served with a copy of the summons and complaint on August 21, 2025 and Defendant William Lupinacci was served with a copy of the summons and complaint on August 20, 2025. ECF Nos. 5 & 6. Defendants failed to answer or otherwise respond to the complaint. On December 8, 2025, Plaintiff requested entry of a default.  ECF No. 8.  Default was entered on December 9, 2025. ECF No. 9. Plaintiff moved for default judgment on January 12, 2026.  ECF No. 10. Plaintiff has submitted the Declaration of Victoria Spagnolo ("Spagnolo Dec.") along with attached exhibits and an affidavit of Plaintiff, and a memorandum of law in support of his motion for a default judgment and damages.  Defendants have not opposed the motion for default judgment, indeed, Defendants have not responded in any way. The motion for default judgment was referred to the undersigned by Judge Merchant on January 13, 2026.

### DISCUSSION

## A.    Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments.  First, the Clerk of the Court enters the party's default.  Then, as here, a motion for a default judgment is made to the district court judge.  A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.,* No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true").  However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law' " prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted).  A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).  The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

"In the context of a motion for default judgment on FLSA and NYLL claims, 'the plaintiff's recollection and estimates of hours worked are presumed to be correct.'" *Pena v. Super Econ. One Way Supermarket Corp.*, No. 20 CV 3060 MKB PK, 2021 WL 4755603, at *3

(E.D.N.Y. Sept. 8, 2021), report and recommendation adopted sub nom. 2021 WL 4398204 (E.D.N.Y. Sept. 25, 2021) (*citing Santillan v. Henao*, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011) ("[I]n the absence of rebuttal by defendants, or where the employer has defaulted, as here, the employee's recollection and estimates of hours worked are presumed to be correct.") (quotations, citations, and alterations omitted)).

> ### B.    Federal and State Wage Laws

The FLSA requires employers to pay their employees a premium (one and one-half times the regular rate) for hours worked above 40 hours per week.  29 U.S.C. §§ 206, 207.  The NYLL mirrors the FLSA in most but not all respects.  The FSLA and NYLL both provide for an additional award of liquidated damages to plaintiffs who establish that their employer has failed to pay required wages.  Specifically, an employer who violates the federal overtime provisions "shall be liable" to employees for overtime and "an additional equal amount as liquidated damages." 29 U.S.C. § 216 (b).10.  Pursuant to the NYLL, employees may also recover liquidated damages of 100% of wages owed unless "the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." N.Y. Lab. L. § 198(1–a).

Finally, under the NYLL, employees must be provided a written notice of their pay when they are hired and wage statements for each payment of wages.  *See* N.Y. Lab. Law §§ 195(1), 195(3), 198(1).  Pursuant to section 198(1-b) of the NYLL, an employee who, within ten business days of his or her first day of employment, was not provided with notice in accordance with section 195(1) of the NYLL, is entitled to statutory damages of $50 per day during which the violation occurred, up to a maximum of $5,000.  *See* N.Y. Lab. Law § 198(1-b).  Section 198(1-d) of the NYLL provides that, with respect to the regular wage statements required pursuant to section 195(3), an employee who has not been provided with such a statement is entitled to

recover statutory damages of $250 per week, up to a maximum of $5,000. *See* N.Y. Lab. Law § 198(1-d).

### 1.    Employer Status

In order to establish liability under the FLSA, plaintiffs must prove either individual liability or enterprise liability. *See Leon v. Chen*, No. 16-CV-480, 2017 WL 1184149, at *4 (E.D.N.Y. Mar. 29, 2017). Individual liability applies to any individual "engaged directly in interstate commerce or in the production of goods for interstate commerce." *Coley v. Vannguard Urb. Improvement Ass'n, Inc.*, No. 12 CV 5565 PKC RER, 2018 WL 1513628, at *3 (E.D.N.Y. Mar. 27, 2018), as amended (Mar. 29, 2018) (quoting *Tony & Susan Alamo Found. v. Sec'y of Labor,* 471 U.S. 290, 295 n.8 (1985)). To determine who qualifies as an "employer" for purposes of individual liability, the Second Circuit looks to the factors set forth in *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984), which are "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Coley*, 2018 WL 1513628, at *4. In contrast, enterprise liability applies to entities that: "(1) perform related activities "for a common business purpose"; (2) have "employees engaged in commerce or in the production of goods for commerce, or . . . employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (3) have an "annual gross volume of sales made or business done [ ] not less than $500,000." *Id* *3 (quoting 29 U.S.C. § 203(r)–(s)). The courts in this Circuit had often held that the plaintiffs' allegations are sufficient to establish both individual and enterprise liability under the FLSA.

In this case, Plaintiff alleges that Lupco is engaged in interstate commerce and has annual gross revenue exceeding $500,000.00 in each of the years at issue. Compl. ¶¶ 14-15.  Plaintiff also asserts that William Lupinacci is the owner and principal of Lupco, who has the power to hire and fire employees, set wages and schedules, and maintain their records. *Id*. ¶¶ 18-34. According to Plaintiff, Willaim Lupinacci, hired Plaintiff, set his wages and work schedule, maintained his records, and paid his compensation. *Id*.

Based on the allegations in the complaint, the undersigned finds that Lupco and William Lupinacci were Plaintiff's employers under the FSLA.  Although Plaintiff has asked the Court to infer that Lupco is engaged in interstate commerce simply by virtue of the fact that it uses goods originating from outside of the state, Lupco has forfeited any contention that Plaintiff is not entitled to the protection of the FLSA given its default.  *See Gunawan v. Sake Sushi Rest*., 897 F. Supp. 2d 76, 86 (E.D.N.Y. 2012); *see also Huerta v. Victoria Bakery*, No. 10 CV 4754 (RJD) (JO), 2012 U.S. Dist. LEXIS 46407, 2012 WL 1107655 (E.D.N.Y. Mar. 30, 2012) ("It is inconceivable that some of the bread-making materials used by plaintiffs did not originate out of state or that the bakery did not sell its products outside the State of New York.").

In addition, once liability is established under the FSLA, courts will routinely impose liability for NYLL violations.  *Rodriguez v. Ridge Pizza Inc.,* No. CV 16-254 (DRH) (AKT), 2018 U.S. Dist. LEXIS 42862, 2018 WL 1335358, at *7 (E.D.N.Y. Mar. 15, 2018) (citing *Guardado v. 13 Wall St., Inc.,* No. 15-CV-2482, 2016 U.S. Dist. LEXIS 167887, 2016 WL 7480358, at *5 (E.D.N.Y. Dec. 2, 2016), report and recommendation adopted by, 2016 WL 7480363 (E.D.N.Y. Dec. 29, 2016)).  Moreover, the NYLL definition of "employer" differs slightly from the FLSA definition in that it "does not require that a [d]efendant achieve a certain minimum in annual sales or business in order to be subject to the law.'" *Id.* (citing *Fermin v. Las Delicias Peruanas Rest.,*

7

*Inc.,* 93 F. Supp. 3d 19, 34 (E.D.N.Y. 2015). "Under the NYLL, 'an employee is simply defined as 'any individual employed or permitted to work by an employer in any occupation.'" *Id.* As such, the Court's analysis under the NYLL "focuses more on 'the degree of control exercised by the purported employer' over the purported employee, 'as opposed to the economic reality of the situation.'" *Id.* For these reasons, the undersigned finds that Plaintiff has also established the existence of an employment relationship within the meaning of the NYLL.

### 2. Employee Status

To establish a claim under the FLSA, Plaintiff must also show that he is an employee of Defendants within the meaning of the FLSA. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 31–32 (E.D.N.Y. 2015). For the purpose of this default motion, Plaintiff qualifies as an employee based on his allegation that he was employed as a landscaper and mason from April 15, 2024 through June 12, 2025. Compl. ¶¶ 37-38; *see Fermin,* 93 F. Supp. 3d at 31–32 (citing *Garcia v. Badyna*, No. 13 Civ. 4021 (RRM) (CLP), 2014 U.S. Dist. LEXIS 133722, 2014 WL 4728287, at *5 (E.D.N.Y. Sept. 23, 2014) ("Insofar as Plaintiffs' Complaint alleges that Defendants employed Plaintiffs within this statutory meaning, "[i]t follows . . . that for purposes of this default, [they] qualif[y] as ... 'employee[s]' under the FLSA.")). Similarly, to recover under the NYLL, Plaintiff must establish that he was an employee as defined by the statute. *Id.* In fact, Plaintiff's burden in establishing that he is an employee entitled to NYLL protections is nearly identical to the burden under the FLSA. *Rodriguez v. MRC Bakery Corp.*, 802 F. Supp. 3d 393, 424 (E.D.N.Y. 2025). In this case, there is no question that Plaintiff qualifies as an employee under both statutes.

### 3. Statute of Limitations

8

Before turning to Defendants' actual liability under the statutes, the Court must address the relevant statute of limitations.  The FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years.  *See* 29 U.S.C. § 255(a). "When a defendant defaults, the violation is considered 'willful' and the three-year statute of limitations applies."  *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG) (PK), 2023 U.S. Dist. LEXIS 47850, 2023 WL 2583856, at *8 (E.D.N.Y. Mar. 21, 2023) (citations omitted). The NYLL establishes a six-year limitations period.  *See* N.Y. Lab Law §§ 198(3), 663(3).  Because Plaintiff has asserted claims under both the FLSA and NYLL, relief is available under either statute.  *See Pineda v. Masonry Const., Inc.,* 831 F. Supp. 2d 666, 676 (S.D.N.Y. 2011). Plaintiff's start date of his employment is April 2024, well within the applicable statute of limitations for the FLSA and NYLL and therefore his claims are timely.

### 4.     Unpaid Overtime

Plaintiff alleges that Defendants violated the FLSA and NYLL's overtime provisions by failing to pay overtime wages. Specifically, Plaintiff claims that Defendants compensated him at his regular hourly rate without any premium compensation for those hours worked in excess of his first 40 per week.  *See* Pl. Dec. ¶ 25.  Counsel has provided a damage calculation indicating the number of overtime hours worked per week and calculating the overtime pay owed for each week. ECF No. 10-9. Plaintiff has declared he worked either 63 or 75 hours per week, therefore overtime pay was due to Plaintiff for each pay period. Pl. Dec. ¶¶14-17. According to this calculation Plaintiff is owed $23,307.50 in overtime wages.  ECF No. 10-9. As stated above, the NYLL regulations state that: "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate...." N.Y. Comp. Codes R. & Regs. tit. 12, §

9

142-2.2. As employers subject to the NYLL, Defendants are consequently liable for Plaintiffs' properly pled violation of the statute's overtime requirements.

Accordingly, the undersigned finds that a default judgment against Defendants for failure to pay overtime is appropriate under the NYLL. The undersigned, therefore, respectfully recommends that the motion be granted and that Plaintiff be awarded $23,307.50.

**5.  Liquidated Damages**

Both federal and state law provide for an additional award of liquidated damages to plaintiffs who establish that their employer has failed to pay required wages. While some court have "disagreed as to whether a plaintiff may secure cumulative awards of liquidated damaged under both statutes," the undersigned agrees with those courts that have concluded that a cumulative award should not be permitted. *See Gunawan,* 897 F. Supp. 2d at 91 (E.D.N.Y. 2012) (citing *Greathouse v. JHS Sec., Inc.*, 2012 U.S. Dist. LEXIS 127312, 2012 WL 3871523, at *7 (S.D.N.Y. Sept. 7, 2012) (collecting cases and concluding that a cumulative award is not permitted)). Under the NYLL, employees may recover liquidated damages of 100% of wages owed unless "the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." N.Y. Lab. L. § 198(1–a); *see also Paulino v. S & P Mini Mkt. Corp.*, 791 F. Supp. 3d 457, 468 (S.D.N.Y. 2025) ("The NYLL allows employees to recover 'an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due' unless the employer 'proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'") (citation omitted); *Soto v. Crismeli Deli Grocery Inc.,* No. 19-CV-10053, 2024 U.S. Dist. LEXIS 114785, 2024 WL 3730115, at *8 (S.D.N.Y. June 28, 2024) ("The amount of liquidated damages is equal to 100% of the amount owed to the [p]laintiffs in unpaid wages, which includes unpaid minimum wage, unpaid overtime,

and unpaid spread-of-hours") (citation omitted).  Under the NYLL, "liquidated damages are presumed unless defendants can show subjective good faith." *Zubair v. EnTech Eng'g, P.C.*, 900 F. Supp. 2d 355, 360 n. 3 (S.D.N.Y. 2012).  As such, the undersigned further recommends that the Plaintiff be awarded $23,307.50 in liquidated damages.

### 6.      Failure to Provide Wage Notice and Wage Statements

Plaintiff also seeks damages due to Defendants' failure to provide them with written notice of his pay when hired and wage statements for each payment of wages under Section 195 of the NYLL. N.Y. Lab. Law §§ 195(1), 195(3).  New York's Wage Theft Protection Act ("WTPA") provides for statutory damages for violations of § 195; however, the Second Circuit Court of Appeals has held that, to establish Article III standing, a plaintiff cannot rely on "technical violations" of the New York Labor Law but must allege "'actual injuries suffered as a result of the alleged . . . wage notice and wage statement violations.'" *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 305 (2d Cir. 2024); *see also Yagui v. Republic Bar & Lounge Inc.*, No. 25-CV-2674 (MKB), 2026 U.S. Dist. LEXIS 104902, at *30, 2026 WL 1296762 (E.D.N.Y. May 12, 2026); *Ramirez v. Café Royale Rest. Inc.*, No. 22-cv-09684 (JHR) (SDA), 2024 U.S. Dist. LEXIS 71341, at *7, 2024 WL 6112595 (S.D.N.Y. Apr. 18, 2024).  The Second Circuit noted that "unless the plaintiff-employee can show that he or she would have undertaken [self-]advocacy and plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices had been provided, the plaintiff-employee has not established a concrete injury-in-fact sufficient to confer standing to seek statutory damages under § 195." *Guthrie,* 113 F.4th at 308.

In the Complaint, Plaintiff alleges that "[a]s a result of Defendants' failure to provide Plaintiffs with wage notices, Plaintiff suffered a concrete injury; specifically, Plaintiff worked for over a year without knowledge of his correct overtime rate" and that '[h]ad Defendants complied

with the law, Plaintiff would not have suffered this injury because he would have either quit or would have made a complaint or otherwise acted to rectify the situation." Compl. ¶¶ 88-89, 94-95. Additionally, Plaintiff states in his declaration "because Defendants did not provide me with complete and accurate wage notices and paystubs, I could not rectify the situation, which resulted in my continued underpayment of wages for approximately fourteen (14) months." These statements have been found sufficient to establish a concrete injury in the form of financial harm. *See, e.g., Leiva v. Los Amigos Deli Bodega Hispana Corp.*, No. 2:24-cv-05222 (NJC) (AYS), 2025 U.S. Dist. LEXIS 257693, 2025 WL 3563321 (E.D.N.Y. Dec. 12, 2025); *Lunnon v. Rigolo Prods. LLC*, No. 22-cv-7560, 2025 U.S. Dist. LEXIS 14298, 2025 WL 1309488, at \*5-6 (E.D.N.Y. Jan. 27, 2025).

As a result of Defendants' initial failure to provide Plaintiff with a written wage notice within ten business days of being hired, Plaintiff is entitled to recover $50 for each workday that the violation continued, up to a statutory maximum of $5,000. N.Y. Lab. Law § 198(1-b). Plaintiff worked a total of 366 days and is entitled to the statutory maximum of $5,000. Plaintiff is also entitled to recover $250 for each week that he did not receive a wage statement with his wage payment, up to a statutory maximum of $5,500. N.Y. Lab. Law § 198(1-d). Plaintiff worked a total of 61 weeks and is entitled to the statutory maximum of $5,000. Therefore, the undersigned further recommends that Plaintiff be awarded a total of $10,000 for his claims under the WTPA.

### 7.    Prejudgment Interest

Plaintiff also seek pre-judgment interest for their NYLL unpaid wage damages from November 13, 2024 to the date of entry of judgment. Pl. Mem. at 20-21.  "Although it is 'well settled' that pre-judgment interest is not awardable under FLSA where liquidated damages are awarded, 'NYLL permits the award of both liquidated damages and pre-judgment interest.'" *Gil*

*v. Frantzis*, No. 17-CV-1520-ARR-SJB, 2018 U.S. Dist. LEXIS 141132, at *34, 2018 WL 4522094 (E.D.N.Y. Aug. 17, 2018), *report and recommendation adopted as modified,* No. 17 CV 1520 ARR SJB, 2018 WL 4299987 (E.D.N.Y. Sept. 10, 2018) (internal citation omitted).  Here, Plaintiff is entitled to an award of pre-judgment interest on his NYLL damages at a rate of 9% per year.  *See id.* (citing N.Y. C.P.L.R. § 5004).  Pre-judgment interest is available only on a plaintiff's actual damages under the NYLL, and not on liquidated damages. S*ee Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 515 (S.D.N.Y. 2017). Pre-judgment interest is also not available for amounts awarded as statutory damages under the WTPA. *Ying Ying Dai v. ABNS NY Inc.*, 490 F. Supp. 3d 645, 662 (E.D.N.Y. 2020).

"Where, as here, unpaid wages are 'incurred at various times, interest shall be computed . . . from a single reasonable intermediate date.'" *Gil,* 2018 U.S. Dist. LEXIS 141132, at *35, 2018 WL 4522094 (citing N.Y. C.P.L.R. § 5001(b)).  Court have discretion in determining a reasonable date from which to award pre-judgment interest and often use midpoint date of the NYLL claims sought in the litigation.  *Id.* The reasonable intermediate date in this case for Plaintiff would, therefore, be November 13, 2024.  The total amount ($23,307.50) at 9% a year for the period November 13, 2024 through June 30, 2026 (594 days) results in $3,413.75 in interest for Plaintiff. Thus, the undersigned recommends that prejudgment interest be awarded in the total amount of $3,408.00.

### 8.    Post-Judgment Interest

Finally, Plaintiff seeks post-judgment interest and an automatic increase of 15% of any unpaid judgment amount for his claims. The statutory authorization for post-judgment interest is found at 28 U.S.C. § 1961, and "an award of post-judgment interest is mandatory in any civil case

where money damages are recovered." *Duffy v. Oyster Bay Indus. Inc.*, No. 10-CV-3205 (ADS) (ETB), 2011 U.S. Dist. LEXIS 60269, 2011 WL 2259798, at *3 (E.D.N.Y. Mar. 29, 2011), report and recommendation adopted, 2011 U.S. Dist. LEXIS 60320, 2011 WL 2259749 (E.D.N.Y. June 2, 2011); *see also Ibarra v. O & M Pizza Corp.*, No. 23-CV-5827 (LDH)(MMH), 2025 U.S. Dist. LEXIS 49530, 2025 WL 3460863 (E.D.N.Y. Mar. 18, 2025). Accordingly, the undersigned respectfully recommends that Plaintiff should be granted post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961.

In addition, Plaintiff contends that "[p]ursuant to NYLL Section 198, 'any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.' N.Y. Lab. Law § 198(4); N.Y. Lab. Law § 663(4)" and therefore should Defendants fail to pay any unpaid amount of the judgment after ninety (90) days, he will be subject to a fifteen (15) percent increase penalty of damages, as set forth in NYLL § 198(4). Pl. Mem at 21-22. Most courts in this district considering the issue have determined that Plaintiff is entitled to the automatic 15% increase in the amount of NYLL damages owed him. *See Ibarra*, 2025 U.S. Dist. LEXIS 49530, at * 40; 2025 WL 3460863 (citing cases); *but see Tecun v. NYC Special Contractors, Inc.*, No. 25-cv-6562 (BMC), 2026 U.S. Dist. LEXIS 134204, 2026 WL 1733438 (E.D.N.Y. June 16, 2026); *Chen v. Asian Terrace Rest., Inc.*, 602 F. Supp. 3d 348, 350 (E.D.N.Y. 2022) ("§ 1961 supplants any state law provisions that would otherwise increase the amount of a federal judgment"). Thus, the undersigned respectfully

14

recommends that Plaintiff's damages awarded under the NYLL should be increased by 15% if Defendants fail to timely satisfy the judgment pursuant to NYLL § 198(4).

**OBJECTIONS**

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for Plaintiff shall serve a copy of this Report and Recommendation on Defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Mejia v. Roma Cleaning, Inc., No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        July 1, 2026

                                    _____/s/_____
                                    ARLENE R. LINDSAY
                                    United States Magistrate Judge